IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**RIGO TROTTER,**
    Petitioner,

v.                                                    No. 3:04cv399/MCR/MD

**JAMES V. CROSBY,**
    Respondent.
_____

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to Title 28 U.S.C. § 2254 (doc. 1). Respondent has filed a motion to dismiss (doc. 21), to which petitioner has replied (doc. 26). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration of all issues raised by petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the pleadings and attachments before the court show that petitioner has not exhausted available state court remedies; therefore, the petition should be dismissed.

## DISCUSSION

Petitioner contends that the Florida Department of Corrections violated his federal constitutional rights by forfeiting gain time, thereby causing him to serve beyond his sentence. The respondent asks this court to dismiss the petition because petitioner has not exhausted his state remedies. Specifically, respondent says that there is a petition for writ of mandamus, in which petitioner attacks his

loss of gain time, currently pending in the state court.  It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1),[1] thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)).  The attachments to respondent's motion show that petitioner sought mandamus relief in the Circuit Court of Leon County, Florida (doc. 21, exh. A), and that he grounded his petition on the same issues raised here.  An examination of the records of the clerk of that court disclose that petitioner was denied relief at the circuit court level, and that he filed a notice of appeal of that ruling with the Florida First District Court of Appeal ("First DCA").  *See* http://cvweb.clerk.leon.fl.us/process.asp?template=dockets&addQuery=real_case .case_id='94683097'.  The records of the First DCA reveal that the appeal (treated as a petition for certiorari review) is still pending.  *See* http://199.242.69.70/pls/ds/ds_docket?p_caseyear=2005&p_casenumber=3265&psCourt=1&psSearchType=.[2]

---

[1]  Section 2254 provides, in pertinent part:

(b)(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

    (A)  the applicant has exhausted the remedies available in the courts of the State; or

    (B) (i)  there is an absence of available State corrective process; or

       (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

[2] On September 27, 2005 the Florida First DCA issued an order requiring respondent to show cause, within thirty days, why certiorari should not be granted.  (*Id.*).

*Case No: 3:04cv399/MCR/MD*

Petitioner responds to the respondent's contention only indirectly. He asserts that he has the right to bring this federal habeas action because another magistrate judge of this court granted him leave to do so. That is not entirely correct. In *Trotter v. Department of Corrections*, case no. 5:04cv236/RH/WCS, petitioner sued the DOC under 42 U.S.C. § 1983, seeking money damages for each day he was kept in custody beyond his sentence. Magistrate Judge Sherrill entered an order inviting petitioner to dismiss his suit voluntarily, holding that a civil rights suit is not the appropriate vehicle for attacking the length of a sentence. Instead, petitioner was told that he could bring a federal habeas action under 28 U.S.C. § 2254 "<u>after</u> exhausting state remedies." No. 5:04cv236/RH/WCS, doc. 18) (emphasis in original). Petitioner clearly has not exhausted his state remedies, and 28 U.S.C. § 2254(b)(1) prevents this court from considering this petition until he does so.

Accordingly, it is respectfully RECOMMENDED respondent's motion to dismiss (doc. 21) be GRANTED, and that the petition for writ of habeas corpus, (doc. 1) be dismissed without prejudice.

At Pensacola, Florida this 5th day of October, 2005.

/s/ *Miles Davis*
       **MILES DAVIS**
       **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636;** ***United States v. Roberts*,** **858 F.2d 698, 701 (11th Cir. 1988).**